1
2
3
4          UNITED STATES DISTRICT COURT
5         NORTHERN DISTRICT OF CALIFORNIA
6
7   KEVIN LANFRI,                          Case No.  24-cv-04454-PCP
8            Plaintiff,
                                           **ORDER DENYING MOTION TO**
9      v.                                  **DISMISS**
10  GOODWILL OF SILICON VALLEY, et al.,    Re: Dkt. No. 16
11           Defendants.
12
13          In this lawsuit, plaintiff Kevin Lanfri, who does business as Rex Cleaners, accuses
14  Goodwill of Silicon Valley of having operated a drycleaning business from 1956 to 1975 that
15  released tetrachloroethene ("PCE") and trichloroethylene ("TCE") and thereby caused or
16  contributed to the contamination at Lanfri's Rex Cleaners property and other neighboring
17  properties—contamination that Lanfri himself is now remediating. Goodwill moves to dismiss
18  Lanfri's complaint for failure to state a claim upon which relief can be granted pursuant to Federal
19  Rule of Civil Procedure 12(b)(6). Dkt. No. 20. Goodwill's motion is joined by several other
20  defendants Lanfri accuses of "hold[ing], or [having] previously held, an ownership interest" in
21  Goodwill's property. Dkt No. 1, at 5.
22          For the following reasons, Goodwill's motion is denied.
23                          **BACKGROUND**
24          Lanfri is the owner and operator of Rex Cleaners laundry and drycleaning facility located
25  at 60 Race Street in San Jose, California. Rex Cleaners has been in operation since 1956. Goodwill
26  owned and operated a neighboring drycleaning facility (located at 46 and 48 Race Street and 1043
27
28

United States District Court
Northern District of California

Garland Avenue) from "approximately 1956 to 1975." Dkt. No. 1, at 4.[1]

Rex Cleaners' drycleaning service apparently used PCE from 1956 to 2008. Dkt. No. 16-5, at 7. Since 2016, Rex Cleaners has been under investigation by the Regional Water Quality Control Board ("RWQCB") for its PCE contamination. *See* Dkt. No. 16-7. Rex Cleaners complaint asserts that Goodwill is "liable in [ ] part for the alleged contamination that is part of the RWQCB's Investigatory Order." Dkt. No. 1, at 3.

On March 6, 2020, Lanfri filed an initial action in Santa Clara County Superior Court against Goodwill and many of the other defendants to this current action asserting, amongst others, claims for contribution under California's Hazardous Substance Account Act, continuing trespass, nuisance, and negligence. Dkt. Nos. 16-4, 16-6.

Lanfri filed his complaint in this court on July 23, 2024, asserting claims for (1) cost recovery under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"); (2) declaratory relief under CERCLA; (3) abatement of imminent and substantial endangerment under the Resource Conservation and Recovery Act ("RCRA"); (4) continuing trespass; (5) continuing nuisance; and (6) negligence. Dkt. No. 1.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] For the purposes of Goodwill's Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in Lanfri's complaint.

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents which are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998)). Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known."

## ANALYSIS

### I.    The Court grants Goodwill's request for judicial notice.

As an initial matter, Goodwill asks the Court to take judicial notice of several public records. Lanfri does not oppose the motion.

First, Goodwill requests judicial notice of the Voluntary Cleanup Agreement between Rex Cleaners and RWQCB and the Initial Site Investigation Report. These are appropriate subjects of judicial notice because Lanfri's complaint makes reference to the RWQCB investigatory order and Lanfri does not contest the documents' authenticity. Dkt. No. 1, at 3.

Second, Goodwill asks the Court to take judicial notice of Lanfri's first and second amended state court complaints against Goodwill. "[P]ublic records are appropriate subjects of

United States District Court
Northern District of California

judicial notice only 'to prove their existence and content, but not for the truth of the matters asserted therein.'" *Occidental Rsch. Corp. v. Tamkin as Tr. of Tamkin Fam. Tr.*, No. CV 17-4621-R, 2018 WL 1941933, at *2 (C.D. Cal. Apr. 2, 2018) (quoting *Kittrich Corp. v. Chilewich Sultan*, LLC, 2013 WL 12131376, at *3 (C.D. Cal. Feb. 20, 2013)). The Court therefore takes judicial notice of the requested documents but not the truth of any matters asserted therein.

## II.    Lanfri states a valid claim for cost recovery under CERCLA.

Goodwill argues that Lanfri has not stated a valid cost recovery claim under section 107 of CERCLA.

> To establish a prima facie claim for recovery of response costs under section 107(a), a private-party plaintiff must demonstrate: (1) the site on which the hazardous substances are contained is a "facility" under CERCLA's definition of that term, Section 101(9), 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred, 42 U.S.C. § 9607(a)(4); (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan," 42 U.S.C. §§ 9607(a)(4) and (a)(4)(B); and (4) the defendant is within one of four classes of persons subject to the liability provisions of Section 107(a).

*City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1002–03 (9th Cir. 2010) (quoting *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870–71 (9th Cir. 2001)). Goodwill argues that Lanfri has not adequately pleaded the second or third element.

### A.    Lanfri adequately pleads a release or threatened release.

Goodwill argues that Lanfri has not adequately pleaded the occurrence of a "release" of hazardous substance from Goodwill of Silicon Valley's facility because Lanfri's complaint states only a "general allegation of migration" of hazardous substances, Dkt. No. 16, at 13, and "the existence at [Lanfri's] Property of harmful chemicals used in dry cleaning cannot be inferred or assumed to have migrated from the Goodwill Premises" given that Lanfri "contaminated its own property with PCE which it used in its 67-year drycleaning operation." Dkt. No. 25, at 4.

Lanfri's complaint, however, describes the specific manner in which the alleged release of hazardous chemicals by Goodwill resulted in their presence on Lanfri's property. He alleges, in relevant part, that hazardous substances including both PCE and TCE "migrated through the

4

United States District Court
Northern District of California

1  subsurface, including along sanitary sewer lines and through groundwater and soil vapor, to other

2  areas of the Goodwill Facility and to other Contaminated Properties, including the Rex Property."

3  Dkt. No. 1 ¶¶ 4, 10. These pleaded facts plausibly allege that Goodwill's hazardous chemicals

4  were released onto Lanfri's and other neighboring properties and contributed to the pollutants'

5  presence on Lanfri's property. Goodwill's argument that it cannot be sure the chemicals came

6  from Goodwill because Lanfri was also a dry cleaner presents an evidentiary issue that cannot be

7  resolved on a motion to dismiss in which the Court must presume the truth of the facts alleged in

8  the complaint.

9              **B.**       **Lanfri adequately pleads that it incurred costs.**

10        A claim for cost recovery under § 107 "permits recovery only of those costs already

11  incurred." *Vincent v. Estate of Beard*, 68 F.4th 517 (9th Cir. 2023). Goodwill contends that Lanfri

12  has not adequately pleaded the third element because Lanfri improperly attempts to use the section

13  107(a) claim to recover costs that "Plaintiff has incurred, is incurring, and will continue to incur.

14  …" Dkt. No. 1 ¶ 22. Although Lanfri is not entitled to reimbursement for future costs under

15  CERCLA, Lanfri's mere reference to future costs does not void his otherwise viable claim for

16  costs already incurred.

17  **III.**     **Lanfri states a valid claim for declaratory relief under CERCLA.**

18        Under Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), "a plaintiff [who] successfully

19  establishes liability for the response costs sought in the initial cost-recovery action [ ] is entitled to

20  a declaratory judgment on present liability that will be binding on future cost-recovery actions."

21  *City of Colton*, 614 F.3d at 1007. Because Lanfri states a valid claim for CERCLA cost recovery,

22  Lanfri also states a valid claim for declaratory relief.

23        Goodwill argues that "CERCLA's declaratory relief provision contemplates successive

24  CERCLA actions to recover additional incurred costs," Dkt. No. 25, at 6, but its argument is

25  contrary to binding precedent. The Ninth Circuit has explained that "Section 113(g)(2) provides

26  that in any initial cost-recovery action under section 107, 'the court shall enter a declaratory

27  judgment on liability for response costs or damages that will be binding on any subsequent action

28  or actions to recover further response costs or damages.'" *City of Colton*, 614 F.3d at 1007

(quoting 42 U.S.C. § 9613(g)(2)). Accordingly, "CERCLA mandates that district courts enter declaratory judgments as to future liability and dictates that those liability determinations will be binding in subsequent actions involving later-incurred costs." *GP Vincent II v. Est. of Beard*, 68 F.4th 508, 517 (9th Cir. 2023).

Goodwill's motion to dismiss Lanfri's declaratory relief claim under CERCLA is therefore denied.

## IV.    Lanfri states a valid claim for abatement of imminent and substantial endangerment under RCRA.

Lanfri also asserts a claim under 42 U.S.C. § 6972(a)(1)(B) of RCRA, which allows citizens to seek injunctive relief against:

> any person … including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which *may* present an imminent and substantial endangerment to health or the environment.

42 U.S.C.§ 6972(a)(1)(B) (emphasis added). *See also Meghrig v. KFC W., Inc.*, 516 U.S. 479, 485 (1996). "Congress preceded the standard of liability with the term 'may,' 'to confer upon the courts the authority to grant affirmative equitable relief to the extent necessary to eliminate any risk posed by toxic wastes.'" *Olson v. Beck*, No. C-06-07487 JCS, 2011 WL 4634026, at *20 (N.D. Cal. Oct. 5, 2011) (quoting *California Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 980 (E.D. Cal. 2003) and citing *Lincoln Properties, Ltd. v. Higgins*, 1993 WL 217429, at * 12 (E.D. Cal. Jan. 21, 1993)).

Goodwill argues that Lanfri's RCRA claim fails for lack of "imminent and substantial endangerment." "'[E]ndangerment' means a threatened or potential harm and does not require proof of actual harm." *Price v. U.S. Navy*, 39 F.3d 1011, 1019 (9th Cir. 1994).

> "Substantial" does not require quantification of the endangerment (*e.g.,* proof that a certain number of persons will be exposed, that "excess deaths" will occur, or that a water supply will be contaminated to a specific degree). … [E]ndangerment is substantial if there is some reasonable cause for concern that someone or

> something may be exposed to a risk of harm by a release or a threatened release of a hazardous substance if remedial action is not taken.

*Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d at 980 (quoting *Lincoln Properties, Ltd.*, 1993 WL 217429). Lanfri alleges that hazardous substances including PCE and TCE were improperly introduced to the subsurface at the Goodwill Facility, Dkt. No. 1 ¶¶ 4, 6, 10; that these substances have migrated and continue to migrate to neighboring properties through a number of specific pathways, including groundwater and soil vapor, *id.* ¶¶ 9–10; and that RWQCQB "has determined that the presence of these substances poses sufficient environmental risk to necessitate investigation and cleanup." *Id.* ¶¶ 4, 21. Collectively, these facts plausibly allege that the chemicals purportedly released by Goodwill continue to pose a "substantial" risk of endangerment. And because Lanfri alleges that the harm from Goodwill's release is ongoing, Lanfri's complaint adequately alleges an imminent harm. *See Price*, 39 F.3d at 1019 ("A finding of 'imminency' does not require a showing that actual harm will occur immediately so long as the risk of threatened harm is present.").

Goodwill also argues that there is no imminent and substantial danger because the contamination is already being addressed by RWQCB. While this Court can take judicial notice of the existence of the RWQCB investigation and cleanup orders, the Court has no ability on this motion to dismiss to evaluate the adequacy of the relief provided by RWQCB. "[C]ommencement of remedial activity reduces the likelihood that a threat is imminent. But commencement of remedial activity is not determinative." *Occidental Rsch. Corp.*, 2018 WL 1941933, at *3. Given the standards that apply on a Rule 12(b)(6) motion, courts properly "hesitate[ ] to dismiss [a] RCRA claim solely on th[e] basis [of ongoing government cleanup orders] without all pertinent evidence and information before [them]." *Id.* at *3.

As Goodwill notes, courts have at times granted *summary judgment* where the evidentiary record before the court establishes that the contamination is already being fully addressed by a state agency and the plaintiff is unable to identify any additional efforts beyond what the agency is pursuing that would reduce the danger further. *See W. Coast Home Builders, Inc. v. Aventis*

1    *Cropscience USA Inc.*, No. C 04–2225 SI, 2009 WL 2612380, at *4 (N.D. Cal. Aug. 21, 2009);

2    *87th St. Owners Corp. v. Carnegie Hill-87th St. Corp.*, 251 F. Supp. 2d 1215, 1220 (S.D.N.Y.

3    2002). Such evidence, however, is not before the Court on this motion. The mere existence of the

4    RWQCB remediation efforts does not establish that they will be sufficient or that the Court cannot

5    offer Lanfri any further relief on its RCRA claim.

6        Lanfri has stated a valid claim for abatement of an imminent and substantial endangerment

7    under RCRA. The Court therefore denies Goodwill's motion to dismiss that claim.

8    **V.    Lanfri states a plausible continuing trespass claim.**

9        Goodwill also contends that Lanfri fails to state a viable continuing trespass claim.

10       "A trespass is an invasion of the interest in the exclusive possession of land, as by entry

11   upon it." *Wilson v. Interlake Steel Co.*, 32 Cal. 3d 229, 233 (1982). "The elements of trespass are:

12   (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or

13   negligent entry onto the property; (3) lack of permission for the entry or acts in excess of

14   permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the

15   harm." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 262 (2017). Failure

16   to clean up contamination causing ongoing damage to property constitutes a continuing trespass.

17   *See Resolution Trust Corp. v. Rossmoor Corp.*, 34 Cal. App. 4th 93 (1995).

18       Goodwill argues that Lanfri's allegations are insufficient to state a continuing trespass

19   claim because they "are limited to the existence of Goodwill's dry-cleaning operation and the

20   conclusory allegations that Chemicals of Concern migrated uphill to" Lanfri's property, while

21   "includ[ing] no facts to support its assertion that the chemicals present on their property originated

22   from" Goodwill and then migrated to Lanfri's property. Dkt. No. 16, at 20–21. Goodwill contends

23   that, because Lanfri was also a drycleaner, Lanfri cannot be sure the chemicals at issue came from

24   Goodwill rather than from his own drycleaning operations.

25       This, again, is essentially an evidentiary issue. Lanfri has pleaded facts sufficient to

26   support the plausible inference that Goodwill committed a trespass by releasing and failing to

27   contain hazardous substances that migrated and continue to migrate to the Rex Property. Because

28   Goodwill's conduct as alleged would be sufficient by itself to bring about the harm, Lanfri has

adequately alleged that Goodwill's conduct was a substantial factor in causing the harm. *See* CACI No. 431.[2] Because Lanfri has also adequately pleaded that the contamination has damaged its property and that Lanfri has incurred response costs in investigating the extent of the resulting contamination and planning for its remediation, Lanfri has pleaded a viable continuing trespass claim.

The Court therefore denies Goodwill's motion to dismiss the trespass claim.

## VI.    Lanfri states plausible claims for continuing private and public nuisance.

"California law defines a nuisance, in [relevant] part, as '[a]nything which is injurious to health … or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property....'" *Redevelopment Agency of City of Stockton v. BNSF Ry. Co.*, 643 F.3d 668, 672–73 (9th Cir. 2011) (citing Cal. Civ. Code § 3479). "To qualify as a nuisance 'the interference must be both *substantial* and *unreasonable*.'" *Id.* (quoting *People ex rel. Gallo v. Acuna,* 14 Cal.4th 1090, 1105 (1997) (emphasis in original)). "Under California law, conduct cannot be said to 'create' a nuisance unless it more actively or knowingly generates or permits the specific nuisance condition." *Id.* at 674 (holding that a railroad company did not actively or knowingly create a nuisance when it installed a drain through which pollution from oil spills at an independent nearby petroleum facility flowed). "A nuisance occurs where the invasion of the property of another is intentional and unreasonable, or is unintentional but caused by negligent or reckless conduct, or is from abnormally dangerous activity." Miller & Star, 6 Cal. Real Est. § 19:2 (4th ed.). In California, "any person who creates or helps create and maintain a nuisance is liable for its abatement and damages." *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998) (citing *Carter v. Chotiner*, 210 Cal. 288, 291 (1930)). *See also BNSF Ry. Co.*, 643 F.3d at 6773

---

[2] To face liability, Goodwill's conduct need not be "the only cause of the harm." *TRC Operating Co. v. Chevron USA, Inc.*, 102 Cal. App. 5th 1040, 1096 (2024) (quoting CACI No. 430). "[W]here there are concurrent independent causes, i.e., the defendant's conduct is sufficient by itself to bring about the harm, but one or more other forces are operating independently that would also be sufficient by themselves to bring about the harm[,] … the defendant's conduct satisfies the substantial factor test even though the defendant's conduct is not a 'but-for' cause of the harm." *Orange Cnty. Water Dist. v. Alcoa Glob. Fasteners, Inc.*, 12 Cal. App. 5th 252, 343 (2017); *Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1049 (1991).

United States District Court
Northern District of California

(noting that "groundwater contamination … constitutes a nuisance").

Goodwill argues that Lanfri has failed to plead facts stating a private nuisance claim. But as Lanfri correctly notes, he properly "alleged that Goodwill released PCE during its dry cleaning operations and has failed to investigate and remediate the resulting contamination; that the contamination has migrated to groundwater, the Rex Property, and other properties; and that it thereby has caused damage to Rex…, including investigatory costs incurred by Rex in particular. [Dkt. No. 1] ¶¶ 9–10, 43." Dkt. No. 24, at 16. Lanfri has likewise alleged that Goodwill acted intentionally in shirking its duty to investigate and remediate the resulting contamination. Dkt. No. 1 ¶ 38. Dkt. No. 24, at 16. No more is required to state a private nuisance claim.

Public nuisance encompasses the above definition of nuisance but involves a nuisance that "affects an entire community or neighborhood or a considerable number of persons, even though the extent of the annoyance or damage may be greater for some individuals than for others." MILLER & STAR, 6 CAL. REAL EST. § 19:5 (4th ed.). "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." Cal. Civ. Code § 3493.

Contrary to Goodwill's argument, Lanfri has adequately pleaded both additional elements required to state a claim for public nuisance. Lanfri has pleaded that Goodwill contaminated groundwater and, due to the unique nature of groundwater, the Court can plausibly infer that a community or neighborhood or a considerable number of persons were affected. *See Newhall Land & Farming Co. v. Superior Ct.*, 19 Cal. App. 4th 334, 341 (1993) ("Pollution of water constitutes a public nuisance."). Lanfri has also pleaded special injury—he alleges that the harm to Lanfri's property was of such severity that Lanfri has been required by the state to investigate and remediate it.

For these reasons, the Court denies Goodwill's motion to dismiss Lanfri's private and public nuisance claims.

**VII.    Lanfri states a plausible claim for negligence.**

"In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Contrary to Goodwill's contentions, Lanfri has adequately

1    pleaded each element of a negligence claim through the allegations previously described.

2        Goodwill also argues that Lanfri's negligence claim must be dismissed under California's

3    three-year statute of limitations for claims of real property damage. *See* Cal. Code Civ. Pro. § 338.

4    "Although the statute-of-limitations defense is usually raised in a responsive pleading, *see*

5    Fed.R.Civ.P. 8(c), the defense may be raised in a motion to dismiss if the running of the statute is

6    apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482,

7    484 n.1 (9th Cir. 1987). Goodwill argues that because Lanfri filed a cause of action against it in

8    state court over three years ago asserting a negligence claim related to the property contamination,

9    Lanfri was aware of its negligence claim more than three years before the filing of this action and

10    the claim is now time-barred.

11        Goodwill's argument does not account for the doctrine of continuous accrual that applies

12    to negligence claims. *See Orange Cty. Water Dist. v. Sabic Innovative Plastics US, LLC*, 14 Cal.

13    App. 5th 343, 396 (Ct. App. 2017). "[U]nder the theory of continuous accrual, a series of wrongs

14    or injuries may be viewed as each triggering its own limitations period, such that a suit for relief

15    may be partially time-barred as to older events but timely as to those within the applicable

16    limitations period." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). "A plaintiff

17    may allege a single cause of action covering the entire series of actionable wrongs." *Sabic*

18    *Innovative Plastics US, LLC*, 14 Cal. App. 5th at 395 (citing *Aryeh*, 55 Cal. 4th at 1192 n.151).

19    "[I]f any of the negligent acts alleged in … [Lanfri's] negligence cause of action occurred within

20    the statute of limitations, the cause of action is not time-barred." *Orange Cnty. Water Dist. v.*

21    *Unocal Corporation*, 2018 WL 6133719, at \*5 (C.D. Cal. Apr. 10, 2018).

22        In this case, Lanfri's negligence claim is not limited to real property damage but also

23    complains of Goodwill's continuing negligence in failing to abate the contamination. Because that

24    purportedly negligent conduct continued into the limitations period, the running of the statute of

25    limitations for Lanfri's negligence claim is not apparent from the face of the complaint. The Court

26    therefore denies Goodwill's motion to dismiss Lanfri's negligence claim on that basis.

### CONCLUSION

28        For the reasons stated herein, Goodwill's motion to dismiss Lanfri's complaint is denied.

United States District Court
Northern District of California

11

1

**IT IS SO ORDERED.**

2

Dated: December 19, 2024

3

4

_____

5

P. Casey Pitts
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California